UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

CLARENCE EDWARD WALLESKE, JR. ,

    Plaintiff,

v.                                Case No: 6:17-cv-555-Orl-41TBS

ROBERT ROUNDTREE, JR. , JANE
DOE ROUNDTREE, BILL CERVONE and
JANE DOE CERVONE,

    Defendants.

## REPORT AND RECOMMENDATION

Pending before the Court is Plaintiff's Application to Proceed without Prepayment of Fees (Doc 2). Upon review of the motion and Plaintiff's Verified Amended Complaint (Doc. 1),[1] I **respectfully recommend** that the motion be **DENIED** and that Plaintiff's complaint be **dismissed, without leave to amend**.

### Background

Plaintiff, proceeding pro se, has filed a complaint that is, at best, incoherent. Plaintiff, presently incarcerated, sues Robert Roundtree, Jr., of 355 S. Court Street, Bronson, Florida, "in his personal capacity because he wase [sic] operating in his ministerial capacity, enforcing statutes and, therefore, has no judicial immunity, nor immunity from a voluntary contract." (Doc. 1, §11). Defendant Bill Cervone, is alleged to be "employed at 353 S. Court St., Bronson" (Doc. 1, §12). Robert Roundtree, Jr. is a state

---

[1] Although the pleading purports to be an amended complaint, it is the first and only complaint filed in this case to date.

court circuit judge in Gainesville, Florida and Bill Cervone (William P. Cervone) is the state attorney for the Eighth Judicial Circuit in Gainesville. See Doc. 1-3 at 1.

Plaintiff is suing "for civil rights violations committed by government actors, acting under color of law outside of the scope of their authority, in conspiracy with each other to deny a private American, a non-statutory, non-citizen private man of rights guaranteed by the U.S. constitution." (Doc. 1, §13). The basis of this claim appears to be "criminal acts and human rights violations" committed by Defendants arising out of the prosecution, conviction and subsequent sentence of Plaintiff as a sex offender, in Case No. 38-2004-CF-170A, in the circuit court of the Eighth Judicial Circuit, in and for Levy County Florida. See Doc. 1-3, pp. 19-35. Plaintiff served what he contends is a "Private International Notice of Claim in the Admiralty, Without the United States" on Defendants and, when they did not respond, contends that "the claim has now been reduced to a breach of contract." (Doc. 1, §§15, 18-26). He seeks damages in the amount of $71,840,000.00.

## Discussion

Federal courts may allow an individual to proceed in *forma pauperis* if that person declares in an affidavit that he "is unable to pay [filing] fees or give security therefor." 28 U.S.C. § 1915(a)(1). Before a plaintiff is permitted to proceed *in forma pauperis*, the court must review the complaint to determine whether it is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against an immune defendant. Id. § 1915(e)(2).

Paragraph (ii) of § 1915(e)(2)(B) authorizes dismissal of an indigent's case on the same terms as Federal Rule of Civil Procedure 12(b)(6) authorizes dismissal for cases in general–when the complaint "fails to state a claim on which relief may be granted."

Dismissal pursuant to § 1915(e)(2)(B)(ii) is governed by the same familiar standards that govern dismissal under Rule 12(b)(6). Thorpe v. Little, 804 F. Supp. 2d 174, 180 (D. Del. 2011).

Section 1915(e)(2)(B)(ii) and Rule 12(b)(6) test the sufficiency of the plaintiff's complaint. Because Rule 8(a)(2) requires the plaintiff to "show[]" that he is entitled to relief, a mere "blanket assertion[] of entitlement to relief" will not do. Bell Atl. Corp. v. Twombly, 550 U.S. 554, 556 n. 3 (2007). To survive dismissal under § 1915(e)(2)(B)(ii) and Rule 12(b)(6), Plaintiff must plead facts which, "accepted as true, 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570). A claim is "plausible on its face" when its factual content permits a "reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. In evaluating a plaintiff's complaint under this standard, the court must accept all well pleaded factual allegations as true and construe them in the light most favorable to the plaintiff. Id.; Ironworkers Local Union 68 v. AstraZeneca Pharmaceuticals, LP, 634 F.3d 1352, 1359 (11th Cir. 2011). Legal conclusions devoid of factual support are not entitled to an assumption of truth. Mamani v. Berzain, 654 F.3d 1148, 1153 (11th Cir. 2011) (citing Iqbal, 556 U.S. at 679).

"Pro se pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998) (per curiam). See also Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam). However, pro se litigants must still conform their pleadings to the Federal Rules of Civil Procedure, Albra v. Advan, Inc., 490 F.3d 826, 829 (11th Cir. 2007), and the court will not "serve as de facto counsel for a party or ... rewrite an otherwise deficient pleading in order to sustain an action." GJR Investments, Inc. v.

County of Escambia, Fla., 132 F.3d 1359, 1369 (11th Cir. 1998) (citations omitted), *overruled on other grounds* as recognized in Randall v. Scott, 610 F.3d 701, 706 (11th Cir. 2010).

Federal courts have "an independent obligation" in every case "to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party." Arbaugh v. Y&H Corp., 546 U.S. 500, 501 (2006) (citing Ruhrgas AG v. Marathon Oil Co., 526 U.S. 574, 583 (1999)). Parties seeking to invoke the limited jurisdiction of the federal court over a cause of action must show that the underlying claim is based upon either diversity jurisdiction (controversies exceeding $75,000 between citizens of different states) or the existence of a federal question (i.e., "a civil action arising under the Constitution, laws, or treaties of the United States"), in which a private right of action has been created or is implied by Congressional intent. See 28 U.S.C. § 1331 and § 1332; Alexander v. Sandoval, 532 U.S. 275, 293 n.8 (2001).

Plaintiff's complaint is frivolous as a matter of law. He has failed to state a comprehensible cause of action within the limited jurisdiction of this Court. To the extent this is a "breach of contract" claim, as alleged, there is no allegation that diversity jurisdiction is present over a dispute between these Florida citizens. To the extent there is a federal claim here, it is not alleged coherently and there is no connection between the parties, the claims, and this district. Any such suit should be brought, if at all, in the Northern District of Florida.

Nothing about Plaintiff's complaint suggests that if given another opportunity, he can plead facts which state a cause of action over which this Court would have jurisdiction. Therefore, I find that granting Plaintiff leave to amend would be a useless act.

## Recommendation

Upon consideration of the foregoing, I respectfully recommend that the Application/Motion be **DENIED** and the Complaint be **DISMISSED, without leave to amend.**

## Notice to Parties

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. See 11th Cir. R. 3-1.

**RESPECTFULLY RECOMMENDED** at Orlando, Florida on April 3, 2017.

*[signature]*
THOMAS B. SMITH
United States Magistrate Judge

Copies furnished to:

    Presiding United States District Judge
    Plaintiff, pro se