UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

CLARENCE EDWARD WALLESKE, JR.,

    Plaintiff,

v.                                Case No:  6:17-cv-555-Orl-41TBS

ROBERT ROUNDTREE, JR. , JANE
DOE ROUNDTREE, BILL CERVONE and
JANE DOE CERVONE,

    Defendants.

## REPORT AND RECOMMENDATION

Pending before the Court is Plaintiff's Amended Bill in Equity (Doc 5). Previously, I reviewed the initial complaint in this matter (Doc. 1, styled, erroneously, as Plaintiff's Verified *Amended* Complaint) in connection with Plaintiff's application to proceed *in forma pauperis* (Doc. 2). In my report dated April 3, 2017, I recommended that the complaint be dismissed, without leave to amend, for a host of reasons (Doc. 3). The Amended Bill in Equity was filed during the pendency of that report and recommendation. Upon review of the new pleading, I find no reason to change my earlier recommendation. The new complaint should be **dismissed, without leave to amend.**

### Background

Plaintiff's new pleading, like the first, is largely incoherent. Plaintiff, presently incarcerated, sues Levy County 8th Judicial Circuit Court, Robert Roundtree, Jr. a state court circuit judge in Gainesville, Florida and Bill Cervone (William P. Cervone), the state attorney for the Eighth Judicial Circuit in Gainesville, for alleged wrongs related to his conviction in a case brought in that state court. Plaintiff's theory of the case is that he is a

Private American National "surety" and not a person, resident, citizen or taxpayer as defined in statutes, and, therefore, he is diverse from the state of Florida, the United States, and their "corporate actors." He has suffered injury due to a void judgment wherein he was never "subrogated and exonerated." He seeks exoneration and immediate release; an accounting to determine the amount due him as a result of "inequitable conduct, constructive fraud and breach of confidence;" appointment of a special master as to the balance due, and a decree for said balance (Doc. 5 at 11).

## Discussion

Federal courts may allow an individual to proceed in *forma pauperis* if that person declares in an affidavit that he "is unable to pay [filing] fees or give security therefor." 28 U.S.C. § 1915(a)(1). Before a plaintiff is permitted to proceed *in forma pauperis*, the court must review the complaint to determine whether it is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against an immune defendant. Id. § 1915(e)(2).

Paragraph (ii) of § 1915(e)(2)(B) authorizes dismissal of an indigent's case on the same terms as Federal Rule of Civil Procedure 12(b)(6) authorizes dismissal for cases in general–when the complaint "fails to state a claim on which relief may be granted." Dismissal pursuant to § 1915(e)(2)(B)(ii) is governed by the same familiar standards that govern dismissal under Rule 12(b)(6). Thorpe v. Little, 804 F. Supp. 2d 174, 180 (D. Del. 2011).

Section 1915(e)(2)(B)(ii) and Rule 12(b)(6) test the sufficiency of the plaintiff's complaint. Because Rule 8(a)(2) requires the plaintiff to "show[]" that he is entitled to relief, a mere "blanket assertion[] of entitlement to relief" will not do. Bell Atl. Corp. v. Twombly, 550 U.S. 554, 556 n. 3 (2007). To survive dismissal under § 1915(e)(2)(B)(ii)

and Rule 12(b)(6), a plaintiff must plead facts which, "accepted as true, 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570). A claim is "plausible on its face" when its factual content permits a "reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. In evaluating a complaint under this standard, the court must accept all well pleaded factual allegations as true and construe them in the light most favorable to the plaintiff. Id.; Ironworkers Local Union 68 v. AstraZeneca Pharmaceuticals, LP, 634 F.3d 1352, 1359 (11th Cir. 2011). Legal conclusions devoid of factual support are not entitled to an assumption of truth. Mamani v. Berzain, 654 F.3d 1148, 1153 (11th Cir. 2011) (citing Iqbal, 556 U.S. at 679).

"Pro se pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998) (per curiam). See also Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam). But, pro se litigants must still conform their pleadings to the Federal Rules of Civil Procedure, Albra v. Advan, Inc., 490 F.3d 826, 829 (11th Cir. 2007), and the court will not "serve as de facto counsel for a party or ... rewrite an otherwise deficient pleading in order to sustain an action." GJR Investments, Inc. v. County of Escambia, Fla., 132 F.3d 1359, 1369 (11th Cir. 1998) (citations omitted), *overruled on other grounds* as recognized in Randall v. Scott, 610 F.3d 701, 706 (11th Cir. 2010).

Federal courts have "an independent obligation" in every case "to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party." Arbaugh v. Y&H Corp., 546 U.S. 500, 501 (2006) (citing Ruhrgas AG v. Marathon Oil Co., 526 U.S. 574, 583 (1999)). Parties seeking to invoke the limited jurisdiction of the

federal court over a cause of action must show that the underlying claim is based upon either diversity jurisdiction (controversies exceeding $75,000 between citizens of different states) or the existence of a federal question (i.e., "a civil action arising under the Constitution, laws, or treaties of the United States"), in which a private right of action has been created or is implied by Congressional intent. See 28 U.S.C. § 1331 and § 1332; Alexander v. Sandoval, 532 U.S. 275, 293 n.8 (2001).

Plaintiff's new complaint is frivolous as a matter of law. He has failed to state a comprehensible cause of action within the limited jurisdiction of this Court. To the extent this is an equitable claim for damages, as alleged, there is no allegation that diversity jurisdiction is present over a dispute between these Florida citizens. To the extent there is a federal claim here, it is not alleged coherently and there is no connection between this district and the conviction, the claims, or Defendants. Any such suit should be brought, if at all, in the Northern District of Florida.

Nothing about Plaintiff's new complaint suggests that if given another opportunity, he can plead facts which state a cause of action over which this Court would have jurisdiction. Therefore, I find that granting Plaintiff leave to amend would be a useless act.

### Recommendation

Upon consideration of the foregoing, I continue to respectfully recommend that the Application/Motion (Doc. 2) be **DENIED** and Plaintiff's complaint be **DISMISSED, without leave to amend.**

### Notice to Parties

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual

finding or legal conclusion the district judge adopts from the Report and Recommendation. <u>See</u> 11th Cir. R. 3-1.

**RESPECTFULLY RECOMMENDED** at Orlando, Florida on April 27, 2017.

THOMAS B. SMITH
United States Magistrate Judge

Copies furnished to:

    Presiding United States District Judge
    Counsel of Record
    Any Unrepresented Parties